IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELISSA SHIPLEY, # 920334            :

      Petitioner            :

    v.            :   CIVIL ACTION NO. RDB-09-1384

UNITED STATES OF AMERICA            :


      Respondent            :

## MEMORANDUM OPINION

Before the Court is a 28 U.S.C. §2254 Petition for Writ of Habeas Corpus filed pro se by Melissa Shipley (Shipley), an inmate at the Maryland Correctional Institution- Women (MCI-W), challenging her conviction for first degree murder and related offenses.  Carolyn Atkins, Warden of MCI-W[1] has filed a response, and moves to dismiss the Petition as time-barred.  A hearing is unnecessary.  After careful review of the pleadings, exhibits, transcripts, and applicable law, the Court will dismiss the Petition as time-barred.

**Procedural Background**

In June of 2003, a jury sitting in the Circuit Court for Carroll County found Shipley guilty of first-degree murder in the death of her husband, Scott Shipley.  The jury also returned guilty verdicts for conspiracy to commit first-degree murder, making a false statement on an insurance application, attempted theft of property valued over $500, and forgery.  On January 13, 2004, the Circuit Court for Carroll County sentenced Shipley to life imprisonment without the possibility of parole on the murder conviction.  She was sentenced to concurrent sentences of life

---

[1] The proper party respondent as required by Rule 2(a), Rules Governing Section §2254 Cases in the United States is Petitioner's custodian. *See* 28 Foils. U.S.C. § 2254 Rule 2(a).

imprisonment for conspiracy to commit murder, fifteen years for theft, and ten years for making a false statement.

Shipley appealed her convictions. On July 28, 2005, the Court of Special Appeals of Maryland affirmed judgment; the mandate issued on August 29, 2005. Shipley did not seek review of the decision in the Court of Appeals of Maryland. Shipley has not initiated state post-conviction proceedings.

The instant petition for federal habeas corpus relief is dated May 21, 2009, and was received for filing by the Clerk on May 26, 2009. For the purpose of assessing timeliness of the petition under 28 U.S.C. § 2244(d), it shall be deemed delivered to prison officials on May 21, 2008. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

**Analysis**

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d). [2]

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

This one-year period is tolled while properly filed post-conviction proceedings are pending, and may otherwise be equitably tolled.  *See* 28 U.S.C. §2244(d) (2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000). 3

Shipley's convictions became final for the purpose of starting the one-year limitations period on September 13, 2005, fifteen days after the Court of Special Appeals of Maryland issued its mandate.  *See* Md. Rule 8-302 (Petition for Writ of Certiorari in Court of Appeals must be filed no later than fifteen days after the Court of Appeals mandate issues).  The one-year limitations period expired one year later on September 14, 2006. The instant federal habeas petition, filed May 21, 2009, was far outside the one-year deadline.

**Conclusion**

The Petition will be denied and dismissed as time-barred by separate Order.


September 16, 2009

                                                                    /s/

                                              RICHARD D. BENNETT
                                                 UNITED     STATES     DISTRICT JUDGE

---

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3 On August 10, 2008, Shipley was granted thirty days to address whether equitable tolling applies in her case, she has not filed a response.